OPINION OF THE COURT
Memorandum.
The defendant in this perjury prosecution made a timely written request that the trial court charge the jury as follows : “You are instructed that in a prosecution for perjury the falsity of the alleged statement of defendant that he met Tut Robinson on East Falls Street may not be established by the uncorroborated testimony of a single witness. Before you can convict the defendant it must appear from the evidence, beyond a reasonable doubt, that the statement of the defendant as to the East Falls Street meeting was false, by the testimony of two witnesses, or from the testimony of one witness and strong corroborative proof”. It is not disputed that this language, though not a precise paraphrase of the applicable corroboration statute (CPL 210.50), was a sufficiently faithful rendition of the law to require that the jury be instructed substantially to this effect. By this submission, the written form of which in this case lessened the possibility of judicial oversight, defendant must be “deemed to have thereby protested the court’s ultimate * * * failure to * * * instruct” sufficiently “to raise a question of law * * * regardless of whether any actual protest thereto was registered” (CPL 470.05). Therefore, no additional or literal “exception” was required to preserve the point.
*983 Moreover, while defendant’s counsel did not include the corroboration request in the course of his enumeration during the very brief postcharge colloquy, this exchange with the court was precipitated by counsel’s unqualified reiteration of his desire that all “previously requested” requests be charged. Taken as a whole, without more, this hardly demonstrated a clear intent to waive a position already preserved with respect to a request on which the verdict could very well have turned.
Since it cannot, therefore, be said that the omission of the charge was harmless error, the order of the Appellate Division should be modified by reversing the judgment of conviction on the seventh count of the indictment and remitting the case to the Supreme Court, Niagara County, for a new trial on that count.