THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN JIMENEZ, JR., Also Known as JOHN LOPEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 5, 1978, convicting him of rape in the first degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction of assault in the second degree to one of assault in the third degree. As so modified, judgment affirmed. Defendant asserts on appeal, *inter alia,* that the trial court erred in neglecting to instruct the jury that evidence of prior convictions may be considered solely on the issue of credibility and he further argues that his successful precharge request to so instruct the jury adequately preserves this error for review. We disagree. The

purpose of an objection is to provide the court with an opportunity to cure the defect at a time when the error may readily be corrected. *(People v Robinson,* 36 NY2d 224, 228.) Where the accused's request to charge has been denied, the error is adequately preserved, for there the court has been put on notice that it is omitting an instruction which, in defendant's opinion, is appropriate. (See *People v Le Mieux,* 51 NY2d 981.) In such a case, the defendant has afforded the court an opportunity to give the disputed instruction and the court, aware of the request, has declined to so charge. However, as in the case at bar, where the defendant's request to charge is granted but the court inadvertently omits the requested instruction from its charge, it is obligatory upon defendant to lodge a timely objection in order that the court might remedy the omission. In light of the defendant's failure to afford the court this opportunity, we conclude that the error was not adequately preserved and decline to reverse in the interest of justice. We have considered the defendant's contention that the prosecutor's questioning of him concerning his use of aliases on prior occasions unrelated to the instant case constituted reversible error. Although it was inappropriate for the trial court to have permitted such cross-examination, we find that in light of the limited use made of the reference to defendant's aliases, and the minor nature of the error in general (see *United States v Grayson,* 166 F2d 863, 867), this error did not deprive defendant of a fair trial and should be considered harmless in view of the overwhelming proof of guilt. (See *People v Crimmins,* 36 NY2d 230.) Defendant's conviction of assault in the second degree (Penal Law, § 120.05, subd 6) cannot stand, as there was no proof that the injury had occurred in the course of the commission of a felony other than the rape. As proof of physical injury was adequate, however, we reduce the conviction to one of assault in the third degree (see Penal Law, § 120.00; CPL 470.15, subd 2, par [a]). A remand for resentence is not necessary since defendant has already served the maximum time to which he could be sentenced on the reduced conviction. (See *People v Bell,* 55 AD2d 624.) Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.