Chief Judge Cooke
(dissenting). The majority’s conclusion, that the Appellate Division acted in its discretion, is based upon the invalid assumption that defendant did not preserve his objection to the court’s failure to charge that the People had the burden of disproving the alibi beyond a reasonable doubt. The majority carries the concept of preservation much too far. Therefore, respectfully, I must dissent.
Defendant was prosecuted for attempted robbery and asserted an alibi defense. Prior to the jury charge, defendant requested an instruction on alibi that provided in part: “I further charge you that alibi is not an affirmative defense under the law of New York, but is a defense other than an affirmative defense and, hence, is a defense as to which the People have the burden of disproving beyond a reasonable doubt. In layman’s terms, this means that the defendant has no burden of proving the alibi defense. It is the burden on the prosecution to disprove the alibi defense beyond a reasonable doubt.”
The trial judge expressly denied defendant’s request, stating, “I have examined it. I refuse to so charge.” The judge did not state that he was planning to give a different alibi charge or that he would give a charge which substantially comported with defendant’s request. The judge did, however, charge on alibi: “The defendant claims he was not present at the scene of the crime and has offered evidence to show that he was elsewhere. In the law, this is known as an alibi defense. As I have previously charged you, the People have the burden of establishing the guilt of the defendant beyond a reasonable doubt. The defendant is not required to prove his innocence. If the evidence as to alibi, if believed by you, the jury, when taken into consideration with all of the other evidence, raises reasonable doubt as to the defendant’s guilt, he is entitled to an acquittal.”
*1025 After the charge, when asked by the trial judge if there were any requests, defense counsel replied, “Yes, Your Honor. I have already mentioned them previously.” Counsel did not offer to explain why the judge’s charge was erroneous or how it differed from the requested charge.
The Appellate Division reversed defendant’s conviction on the ground that the alibi charge improperly shifted the burden of proof to defendant. It reached its decision “on the law,” without any discussion of the preservation issue.
The Legislature has already prescribed what is necessary for a party to preserve an error for appellate review. CPL 470.05 (subd 2) provides in part: “a question of law with respect to a ruling or instruction * * * is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction * * * Such protest need not be in the form of an ‘exception’ but is sufficient if the party made his position with respect to the ruling or instruction known to the court. In addition, a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court’s ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.”
Here, defendant requested an alibi charge which properly stated the lav/ (see People v Victor, 62 NY2d 374) in writing, prior to the jury charge. This request was expressly denied. Under these circumstances, the purported error is fully preserved for review by the terms of CPL 470.05 (subd 2). The statute does not require the party “without success” to proffer any further explanation why the refusal to charge as requested is incorrect or how the charge, as given, fails to comport with the law as espoused in a defendant’s request.
Indeed, this court has not, until today, required such an explanation in order to preserve an objection to a jury charge in situations where the request to charge is denied (compare People v Le Mieux, 51 NY2d 981, 982-983, with People v Whalen, 59 NY2d 273, 279-280). In Le Mieux, defendant made a timely written request that the trial *1026 court charge the jury on an aspect of corroboration. The judge did not grant the request or give any other similar charge. This court stated, “[b]y this submission, the written form of which in this case lessened the possibility of judicial oversight, defendant must be ‘deemed to have thereby protested the court’s ultimate * * * failure to * * * instruct’ sufficiently ‘to raise a question of law * * * regardless of whether any actual protest thereto was registered’ (CPL 470.05). Therefore, no additional or literal ‘exception’ was required to preserve the point” (People v Le Mieux, 51 NY2d 981, 982, supra; see People v Victor, 62 NY2d 374, supra [defendant, whose request to charge was denied, made no further objection after the jury charge and issue was preserved]). Nor did this court view defendant’s failure to make a further specific objection after the charge, other than the blanket renewal of all his prior requests, as a waiver of his “position already preserved with respect to a request on which the verdict could very well have turned” (People v Le Mieux, 51 NY2d 981, 983, supra). Indeed, even the dissent agreed that “the request was by itself sufficient to raise an issue that is cognizable in our courts under the limited review powers conferred upon us by CPL 470.35 (subd 1), and no further exception or renewal of the request was necessary” {id., at p 983 [Gabrielli, J., dissenting]).
This preservation rule yields a different result when the trial judge informs a defendant that a request will be granted, but then delivers an altered charge that is not to defendant’s satisfaction. For example, in People v Whalen (59 NY2d 273, supra), the trial court granted the defendant’s request but then failed to charge in the precise terms desired. After the charge, defendant asked for the original language without, however, explaining how the judge had deviated from it. This court first reviewed the rule under the CPL and cited the holding in Le Mieux with approval {id., at p 280). It held that, in the “different circumstances” present, a specific objection as to why the given charge was inadequate was required to provide an opportunity for the trial judge to correct the obvious discrepancy between the actual charge and the defendant’s granted request. Thus, in that situation, the failure to point out the error was fairly considered a waiver of any *1027 objection to the instruction (see People v Whalen, 59 NY2d 273, 280, supra).
The rule that can be culled from Le Mieux and Whalen, is that if the individual circumstances indicate that defendant’s request has been denied, there is no need to make any further objection or explanation to avoid waiving the error but if the judge has effectively granted the request, any failure to adhere to that ruling must be brought to the judge’s attention either before or after the charge.
The situation here is closer to that in Le Mieux, where the judge refused the request to charge, than in Whalen, where the judge inadvertently deviated from the language of the granted request. Once the request is denied, no purpose will be served by any further objection to the actual charge, which is expected to differ. The battle over the correct jury charge has been fought and lost.
This holds true whether a judge rejects a defendant’s request and then delivers no charge on the subject, as in Le Mieux, or proceeds to instruct on the topic in terms different from those requested, as here. In either event, the understanding between a judge and a defendant has been made clear by the judge’s denial of the defendant’s request. Where, as here, the charge given related to the exact same legal point covered in defendant’s request for an alibi charge, there is no reason to distinguish between an objection to the judge’s refusal to charge as requested and an objection to the charge as given. It must be remembered that a jury charge is an instruction on the relevant legal principles. A request to charge is inherently a party’s statement of the proper controlling law. Thus, a judge is on notice that denial of a requested instruction or any substantial deviation from the language of that request is a rejection of defendant’s view of the law and will be viewed by defendant as error. Accordingly, the defendant is under no further burden to bring the matter to the court’s attention for corrective action (CPL 470.05, subd 2) and defendant here has preserved his objection to both the failure to charge as requested and the erroneous charge that was given on the subject of his request. This result would change, of course, if the charge as given included statements beyond the scope of a defendant’s request. In that *1028 situation, the judge would0never have been put on notice that defendant viewed the statement as error and, therefore, an objection would be required.
The approach set forth herein is consistent with that taken in Whalen. A judge who grants a request has acceded to the sponsoring party’s statement of the pertinent legal principles. Thus, a deviation from this language in the actual charge cannot be assumed to be a decision that the party’s request is erroneous. Indeed, the lapse will be deemed inadvertent and the party is compelled to point out the discrepancy. This will allow the court either to make the correction itself or to reject the party’s request on the record.
Under this view, defendant successfully preserved his objection to the jury charge and a question of law is properly presented before this court. The charge given failed to state, as defendant properly requested, that the People had the burden of disproving the alibi beyond a reasonable doubt. Also, the language “if believed by you, the jury,” implied that defendant bore some burden of proving the alibi. These improperly shifted of the burden of proof requiring a reversal of the conviction and a new trial (see People v Victor, 62 NY2d 374, supra).
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Jones, Wachtler and Kaye concur; Chief Judge Cooke dissents and votes to affirm in an opinion in which Judges Meyer and Simons concur.
Appeal dismissed in a memorandum.