■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BANNERMAN, Appellant.

Several errors combined to deny defendant a fair trial. During her summation, the prosecutrix commented on matters unsupported by the record which encouraged the jury to speculate that certain items of jewelry taken from the defendant upon his arrest were stolen from the complainant during the robbery but which, it appears, were never, in fact, recovered. This error was exacerbated when the court overruled defense counsel's objection, thereby legitimizing the argument (*see, e.g., People v Ash-*

*wal,* 39 NY2d 105; *People v Rivers,* 96 AD2d 874). In addition, on several occasions the prosecutrix attempted to indicate that defendant had been extensively involved in crimes other than the ones for which he was on trial (*see, e.g., People v Richards,* 78 AD2d 664). This was compounded by cross-examination of defendant concerning his use of aliases during the investigation of offenses about which cross-examination had been precluded pursuant to *People v Sandoval* (34 NY2d 371; *see, e.g., People v Evans,* 88 AD2d 604). Although the questions themselves did not explicitly indicate that defendant had been convicted of crimes, the implication of criminal conduct was patent. Furthermore, the prosecutrix's attempt to circumvent the pretrial *Sandoval* ruling limiting inquiry solely to certain convictions was apparent by her improper inquiry as to whether defendant, on one of the unprecluded convictions, had pleaded to a lesser offense after being charged with robbery in the first degree. Finally, the testimony of another Assistant District Attorney as to the lineup procedures improperly bolstered complainant's identification testimony (*People v Trowbridge,* 305 NY 471; *see, e.g., People v Hall,* 82 AD2d 838).

Although not technically error, upon retrial the court should give a more detailed identification charge (*see, People v Daniels,* 88 AD2d 392, 401-402). Titone, J. P., Bracken, Rubin and Lawrence, JJ., concur.