■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SPIVEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered January 14, 1985, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction was based on the theft of certain

packages from a United Parcel Service warehouse during the early morning hours of October 19, 1983. A security guard who witnessed the crime made a positive identification of the defendant approximately 10 minutes after the crime occurred and after the defendant was apprehended in the vicinity of the warehouse alongside an automobile containing the stolen packages.

The defendant contends that he was deprived of a fair trial when the prosecutor was permitted by the trial court to cross-examine him about his use of aliases in connection with unrelated crimes previously excluded pursuant to the court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371). Although this line of questioning and the court's amendment of its *Sandoval* ruling in the midst of the trial were improper, these errors must be considered harmless in view of the overwhelming proof of guilt *(see, People v Jiminez,* 79 AD2d 1012, *mod on other grounds* 55 NY2d 895; *cf. People v Bannerman,* 110 AD2d 706; *People v Evans,* 88 AD2d 604).

The defendant's claims of error in the trial court's charge are unpreserved for review *(see, People v Thomas,* 50 NY2d 467), and, in any event, are without merit. Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.