■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZACHARY HILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered February 3, 1986, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that it was improper for the prosecutor to cross-examine him with respect to prior convictions which had been excluded under the court's Sandoval ruling (see, People v Sandoval, 34 NY2d 371). However, the defendant failed to object to the prosecutor's initial questioning with respect to an excluded August 1980 attempted assault conviction (see, CPL 470.05 [2]). Furthermore, when the prosecutor subsequently made reference to that same conviction, defense counsel's objection was sustained. Thereafter, defense counsel failed to request a mistrial or ask for further curative instructions, thereby indicating that he perceived the error to have been cured (see, People v Jalah, 107 AD2d 762).

The prosecutor's brief questioning of the defendant as to his use of aliases did not deprive him of a fair trial *(see, People v Jimenez,* 79 AD2d 1012, 1013, *mod* 55 NY2d 895). Although several of the prosecutor's comments were improper, the defendant in many instances failed to preserve his claims of prosecutorial misconduct. In any event, we find that these comments did not deprive the defendant of a fair trial in light of the overwhelming evidence of guilt *(see, People v Wood,* 66 NY2d 374).

We have examined the defendant's remaining contentions and find them to be either unpreserved for review or without merit. Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.