■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DURHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered July 28, 1988, convicting him of operating a motor vehicle while intoxicated as a felony, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We agree that the judgment must be reversed and the matter remitted for a new trial. A fair reading of the minutes of the Sandoval hearing (see, People v Sandoval, 34 NY2d 371) makes clear that the court had ruled that if the defendant testified on his own behalf, he could be questioned about the fact that he had previously been convicted of (1) attempted criminal possession of stolen property in the third degree in 1979, (2) criminal possession of stolen property in the third degree in 1984, and (3) operating a motor vehicle while intoxicated as a felony in 1984. Inquiry into the last conviction mentioned was expressly made subject to the Sandoval compromise that while the People could inquire into the fact that there was a conviction of a class E felony, there could be no inquiry into the underlying facts of that conviction. The court further ruled that there could be no inquiry into any uncharged crimes of which the prosecutor might have been familiar. Thereafter, the defendant testified on his own behalf, denying that he was intoxicated. He asserted that he had

suffered a dizzy spell while driving, and, after pulling to the roadside, he felt himself being "yanked" from the vehicle, struck his head on the roof of the vehicle, and lost consciousness. The prosecutor, over objection, cross-examined the defendant extensively as to the fact that, on the day in question, he was driving while his license to operate a vehicle had been suspended and the further fact that the defendant did not produce, on demand, any indicia of ownership of the car. The court allowed this cross-examination on the ground that it went to credibility and to the defendant's state of mind. We disagree. The evidence of the uncharged crimes was not directly relevant to the question of whether the defendant committed the crime charged, and went only to credibility.

"The policy underlying *Sandoval* was that the accused has the right to make an informed choice concerning the important determination as to whether he should take the stand *(People v Sandoval, supra,* at 375)" *(People v Oglesby,* 137 AD2d 840, 841-842). Here, the defendant was denied that right when, after making what he believed to be an informed judgment and taking the stand, the court effectively changed the ruling by permitting cross-examination with respect to uncharged crimes on the issue of credibility. We have consistently held it to be "error for a trial court to allow cross-examination as to matters which the court had previously ruled would be excluded" *(People v Astacio,* 131 AD2d 684, 685; *see also, People v Powe,* 146 AD2d 718; *People v Esquilin,* 141 AD2d 838, 839). In view of the disputed facts presented here, we do not find the error harmless.

We find also that there were other errors. The prosecutor, in summation, repeatedly vouched for the prosecution witnesses, and referred pejoratively to the defendant as a "loud drunk" and to the defendant's testimony as a "creation, a fabrication". Again, we have consistently held this to be error *(see, People v Torriente,* 131 AD2d 793, 794; *People v Blowe,* 130 AD2d 668). In sum, we find that these prosecutorial excesses deprived defendant of a fair trial. Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.