■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Bernard Jackson, J.), rendered June 9, 1988, convicting defendant, after a jury trial, of robbery in the second degree (Penal Law § 160.10 [2] [a]) and sentencing him to an indeterminate term of imprisonment of from 5 to 10 years, unanimously affirmed.

On July 17, 1987, at approximately 9:15 A.M., the defendant physically attacked the complainant, Julio Borrero, and forcibly stole $170 in cash from him. The testimony at trial further established that during the course of the robbery, the complainant was knocked to the ground and repeatedly kicked about the head and back, necessitating medical treatment. On the day following the attack, defendant, who was known by the complainant from the area, was spotted near the scene of the crime and arrested.

On appeal, defendant argues that the prosecution failed to meet its burden of proof to establish that the complainant suffered physical injury, as defined in the Penal Law, and further, that reversal is warranted on the basis of improper comments made by the Assistant District Attorney throughout the proceedings. These arguments are without merit.

First, defendant's claims of improper prosecutorial comment during cross-examination, opening, and summation were not preserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to reach them in the interest of justice. Moreover, we note that any such error would have to be deemed harmless in light of the overwhelming proof of defendant's guilt. *(People v Crimmins,* 36 NY2d 230, 232 [1975].)

With respect to defendant's argument that the prosecution did not meet its burden of proof, Penal Law § 10.00 (9) defines physical injury as "impairment of physical condition or substantial pain". The question of whether substantial pain or physical impairment has been proved is one generally left to the trier of fact. *(People v Rojas,* 61 NY2d 726 [1984].) Here, the evidence adduced at trial showed that the complainant, who was taken to the hospital by ambulance, suffered from headaches and back pain, that he was limping, and that he had been prescribed pain medication. We conclude that this record is sufficient to support the jury's verdict. *(See, People v Esquilin,* 141 AD2d 838.) Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.