■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RICHARDSON, Appellant.—Judgment, Supreme Court, Bronx County (William T. Martin, J.), rendered May 9, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

Defendant was arrested on September 22, 1987 as part of a buy-and-bust operation. Having raised the defense of agency, defendant contends that the court's failure to charge that it was the People's burden to disprove the agency defense beyond a reasonable doubt deprived him of a fair trial. We conclude that the court's charge as a whole properly conveyed the People's burden to disprove the agency defense, although it would have been preferable for the court to have specifically stated that the People were required to disprove this defense

beyond a reasonable doubt. *(Cf., People v Arnott,* 143 AD2d 761.)

For the most part, defendant's challenges to the prosecutor's summation comments are unpreserved for appellate review (CPL 470.05 [2]), and we decline to review them in the interests of justice. In any event, the prosecutor's comments, which defendant contends improperly vouched for the credibility of the police witnesses, were a fair response to defense counsel's summation comments, which attacked the credibility of those witnesses. Although the prosecutor, in using defendant's testimony as to his relationship with "Joe" and his drug use, improperly mischaracterized the evidence to encourage the jury to speculate that defendant committed uncharged crimes to pay for a drug habit *(see, e.g., People v Bannerman,* 110 AD2d 706), these comments were harmless in light of the overwhelming evidence of defendant's guilt. *(People v Colon,* 151 AD2d 146, 154.) Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.