■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES POWELL, Appellant.—Judgment, Supreme Court, New York County (Frank Blangiardo, J., at suppression hearing; Clifford Scott, J., at trial with a jury), rendered April 11, 1989,

convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment of 6 to 12 years, unanimously affirmed.

Defendant's arguments that the court should have charged the jury that it could consider the victim's reputation for violence, prior assaults and threats, and should have given the "first blow" charge are not preserved. Nor did defendant raise the arguments he now raises as to the charge on justification, which is similarly unpreserved. (People v Whalen, 59 NY2d 273.)

Defendant's awareness at the time of the incident of the victim's violent behavior was relevant to his claim of justification (People v Miller, 39 NY2d 543, 552), and a charge to this effect would have been appropriate (People v Le Mieux, 51 NY2d 981, 982). However, reversal in the interst of justice is not warranted in the circumstances presented, since the charge as given furnished a thorough exposition of defendant's position with respect to justification and self-defense and the People's burden to disprove this contention beyond a reasonable doubt, and adequately advised the jury to consider defendant's knowledge of the victim's reputation and past acts. (Cf., People v Dory, 59 NY2d 121.)

We have considered the remaining arguments and find them to be without merit. Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.