■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered January 22, 1988, convicting him of assault in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him.

Ordered that the judgment is affirmed.

While the defendant was awaiting arraignment on arson charges, he allegedly assaulted three officers. The defendant was then taken to the office of the Nassau County Police Department's Third Detective Squad where he was handcuffed to a bench. Detective Farrell, who was assigned to investigate the assault, was standing about 14 feet from the defendant when Farrell was approached by another detective and asked about the assault. As Farrell explained what had happened, the defendant screamed out, "Yes, I hit the officers, I hit the officers. I don't know why. I just bugged out".

We reject the defendant's contention that his statements should have been suppressed. The hearing court properly found that the defendant's statements were spontaneous since an objective observer would not conclude that the police conduct was reasonably likely to elicit a response *(see, People v Betancourt,* 173 AD2d 481; *see also, People v Maerling,* 46 NY2d 289; *People v Bryant,* 87 AD2d 873, *affd* 59 NY2d 786). The defendant was sitting about 14 feet from where the detectives were discussing the case. Further, Detective Farrell testified that he used a conversational tone, and the conversation was not directed at the defendant nor was it designed to provoke a response from the defendant.

We further find that the testimony of the police officers who were victims of the assault, as substantiated by the objective evidence, was sufficient to establish that each of the officers suffered a "physical injury" (Penal Law § 10.00 [9]; *see, People v Rojas,* 61 NY2d 726; *People v Pagan,* 160 AD2d 284; *People v Rodriguez,* 159 AD2d 251; *People v McMahon,* 157 AD2d 548; *Matter of Christopher T.,* 156 AD2d 190; *People v Murray,* 156 AD2d 722; *People v Esquilin,* 141 AD2d 838). Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.