■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR WILKENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Shea, J.), rendered November 29, 1988, convicting him of bribery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the convictions for grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and vacating the sentences imposed thereon; as so modified the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on those counts of the indictment charging the defendant with grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree.

Although the errors claimed by the defendant are unpreserved for appellate review, we find that reversal of the defendant's convictions of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree is warranted in light of the less than overwhelming evidence of his guilt of those charges (see, *People v Reid,* 135 AD2d 753; *see also, People v Jackson,* 143 AD2d 363).

The record discloses that following a *Sandoval* hearing, the Supreme Court ruled that the prosecutor could cross examine the defendant concerning his use of aliases "only for purposes

of identifying the defendant". Despite the court's ruling, the prosecutor improperly questioned the defendant concerning his use of aliases in an effort to impeach his credibility, and argued on summation that the defendant's testimony was unworthy of belief because he was a man "who hides behind three names". We have consistently held that cross-examination of a defendant in regard to matters precluded by the trial court's *Sandoval* ruling constitutes error *(see, People v Durham,* 154 AD2d 615; *see also, People v Esquilin,* 141 AD2d 838; *People v Bannerman,* 110 AD2d 706), and here that error was compounded when, on summation, the prosecutor emphasized the testimony elicited from the defendant in contravention of the *Sandoval* ruling. The prosecutor also acted improperly by suggesting that the defendant had tailored his defense after reviewing the transcript of certain taped statements he made to the police *(see, People v Jackson,* 143 AD2d 363, *supra).* In view of the importance of credibility in this case, and of the less than overwhelming proof of the defendant's guilt of the larceny and criminal possession of stolen property charges, we cannot deem these errors to have been harmless *(see, People v Durham, supra).* However, the defendant's guilt of bribery in the third degree was established, *inter alia,* through the introduction of a tape recording of his attempt to bribe a police officer, and in light of the overwhelming evidence of his guilt of this charge, a reversal of the defendant's bribery conviction in the interest of justice is not warranted.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.