■ The People of the State of New York, Respondent, v Harlan Brown, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hentel, J.), rendered May 15, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A police officer observed the defendant selling narcotics to another male on a street corner in Queens County. Both the defendant and the alleged buyer were subsequently arrested and searched incident to the arrests, and two packets of heroin, identically marked, were recovered from each of them.

While the defendant admitted being present at the street corner, he claimed that he possessed the drugs for his own personal use.

The defendant contends that the prosecutor violated the *Sandoval* ruling by improperly eliciting testimony pertaining to prior crimes precluded by the court, and that this violation was compounded when the prosecutor referred, in summation, to testimony elicited in response to the *Sandoval* violations. The defendant claims that these violations, taken together with the prosecutor's denigration of his testimony, prejudiced him and constituted reversible error. However, we find that the allegations of error were not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Fleming,* 70 NY2d 947; *People v Udzinski,* 146 AD2d 245; *People v Bruen,* 136 AD2d 648),* and we decline to reach them in the exercise of our interest of justice jurisdiction in view of the overwhelming evidence of the defendant's guilt *(see, People v Esquilin,* 141 AD2d 838).

Finally, there is no merit to the defendant's contention that the court erred in failing to submit to the jury the lesser-included offense of criminal possession of a controlled substance in the seventh degree *(see, People v Glover,* 57 NY2d 61). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.