■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERRY HAYNES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered December 13, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial as a result of the alleged violation by the prosecutor of the trial court's *Sandoval* ruling. We disagree. The cross-examination of a defendant in regard to matters precluded by the trial court's *Sandoval* ruling constitutes error *(see, People v Wilkens,* 177 AD2d 678, 679; *People v Durham,* 154 AD2d 615). In this case, the challenged question, although inartfully phrased, complied with the court's *Sandoval* ruling. Moreover, we note that when defense counsel raised his objection to the question, he declined the court's offer for a curative instruction to the jury. Under the circumstances, the court properly denied the defendant's application for a mistrial.

The defendant next contends that certain of the prosecutor's remarks in summation deprived him of a fair trial. However, the remarks, for the most part, constituted a fair response to the defendant's summation, were within the four corners of the evidence, or were otherwise proper *(see, People v Ashwal,* 39 NY2d 105). For those prosecutorial comments that were, however, improper, we find that the court's immediate admonitions and curative instructions, along with the court's general instructions at the beginning of the trial and at the conclusion of the trial, served to eliminate any possibility of

prejudice to the defendant *(see, People v Perez,* 132 AD2d 579; *People v Boute,* 111 AD2d 398, 399).

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.