■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO OWENS, Appellant. [610 NYS2d 485] —Judgment of the Supreme Court, New York County (Felice Shea, J.), rendered December 10, 1991, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 6 to 12 years, unanimously reversed, on the law, with leave to re-present the charge of robbery in the third degree to a Grand Jury.

Defendant was convicted of first degree robbery under a single-count indictment. The crime occurred on January 23, 1990 at approximately 2:00 A.M. in the bar owned by complainants. An owner identified defendant from a photograph and at two separate line-ups.

At issue on this appeal is whether the prosecutor's failure to abide by the court's *Sandoval* ruling requires reversal and

whether the record supports the conviction for robbery in the first degree.

The *Sandoval* ruling restricted inquiry into a 1987 attempted burglary conviction, obtained upon defendant's guilty plea, and the underlying facts thereof. The prosecution, however, went beyond the scope of the ruling by cross-examining defendant about charges which arose as a result of stolen credit cards and marijuana found on his person at the the time of his arrest. Defendant's possession of these items was not relevant to any element of the crime to which his conviction relates. It was not asserted that the items were taken in the course of the burglary and, thus, their possession was not part of the underlying facts of that crime. By permitting the prosecutor to inquire into other crimes over defense objection, the court altered its *Sandoval* ruling to defendant's prejudice.

The purpose of a *Sandoval* ruling is to provide a defendant with "definitive advance knowledge of the scope of cross-examination as to prior conduct to which he will be subjected" should he testify *(People v Sandoval,* 34 NY2d 371, 375). Having received a determination limiting inquiry, "defendant then had a right to rely on the court's ruling when he took the witness stand and to expect that the court would not permit cross-examination to extend to matters apparently precluded by the ruling" *(People v Aponte,* 168 AD2d 274, 275). By allowing cross-examination into possessory crimes having no relation to the attempted burglary, the court deprived defendant of his right to make an informed decision about giving testimony *(see, People v Durham,* 154 AD2d 615, 616).

We also find that the evidence is insufficient to sustain conviction for robbery in the first degree. The court precluded the People from examining the complaining witness on the question of whether defendant threatened use of a firearm during the course of the robbery, specifically whether she subjectively perceived that he was armed. Thus, an element of the crime—that defendant employ a firearm or what appears to be a firearm—is not supported by the record, and the verdict cannot be sustained. The evidence is, however, sufficient to sustain a conviction for robbery in the third degree, to which we would reduce the verdict were it not for the *Sandoval* error. Concur—Murphy, P. J., Sullivan, Ross, Rubin and Tom, JJ.