■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW PATTERSON, Appellant. [611 NYS2d 217] —Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered April 2, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the County Court, Dutchess County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the Dutchess County Sheriff pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Dutchess County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

We agree with the defendant's contention that a compendium of prejudicial error infected the proceedings so as to deprive him of a fair trial.

Firstly, it was error for the court to refuse to swear the panel of prospective jurors prior to the voir dire. The court, over a continuing defense objection, conducted initial screening questioning of prospective jurors regarding their knowl-

edge of the case, their familiarity with the defendant and the attorneys, their knowledge about potential witnesses, and indeed, the jurors' very ability to impartially serve on the jury, without first directing that they be administered an oath. When the defense counsel first brought this omission to the court's attention, the court responded that this was of no concern to the defense counsel, and that the potential jurors would be sworn prior to being interrogated on matters when they would be asked to tell the truth. However, CPL 270.15 (1) (a) mandates that 12 prospective jurors "shall take their places in the jury box and shall be immediately sworn to answer truthfully questions asked them relative to their qualifications to serve as jurors in the action". This directive could not be more clear. Indeed, *"[v]oir dire* refers to the procedure by which each prospective juror takes an oath to *voir dire,* to truly speak, that is, to speak the truth in answer to the questions put to [them]" (1 CJI[NY] 2.10, at 37). While we do not pass on the issue of whether in the absence of any apparent prejudice, standing alone, this error would warrant reversal *(see, People v Morales,* 168 AD2d 85), it was one of several that in the aggregate deprived the defendant of a fair trial.

It was also error for the court to render an equivocal *Sandoval* ruling indicating that it was subject to amendment at a subsequent juncture. A defendant is entitled to a definitive *Sandoval* ruling in advance of trial, to enable him or her to reach an informed decision as to whether or not to testify in his own behalf *(see, People v Sandoval,* 34 NY2d 371; *People v Durham,* 154 AD2d 615; *People v Powe,* 146 AD2d 718). Here, the court's failure to render a definitive ruling deprived the defendant of his right to make such an informed decision.

Furthermore, it was error for the court to refrain from rendering a limiting instruction when the People sought to impeach the testimony of a prosecution witness with prior statements. Assuming that this witness was properly allowed to be impeached *(see,* CPL 60.35 [1]; *People v Andre,* 185 AD2d 276), the court's failure to provide the requisite limiting instruction that the jury could consider such evidence solely for the purpose of ascertaining the witness's credibility and not as evidence in chief, was a prejudicial error *(see,* CPL 60.35 [2]; *People v Goetz,* 12 NY2d 689; *People v Romandette,* 111 AD2d 1040; *People v Carroll,* 37 AD2d 1015; *cf., People v Magee,* 128 AD2d 811). It was further error for the People to cross-examine a defense witness with evidence of criminal conduct committed by the witness's twin sister. Although the

court did attempt to cure this error, its instruction to the jury in this regard was both belated and insufficient.

In sum, in light of the less than overwhelming proof, the cumulative effect of the aforementioned errors deprived the defendant of a fair trial *(see, People v Wilkens,* 177 AD2d 678). Mangano, P. J., Miller, Hart and Florio, JJ., concur.