■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD G. VINCENT, Appellant. [622 NYS2d 616] —Mikoll, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered September 27, 1993, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

A police informant, Melvin Bostwick, went to the home of defendant in the Village of Waverly, Tioga County, to give him $200 to purchase cocaine. Bostwick was equipped with a device to record the conversation had between Bostwick, defendant and defendant's girlfriend, Teresa Vanderpool, who was also present. The discussion concerned a trip defendant was to make the next day to purchase cocaine. Defendant and Vanderpool were to leave at 5:30 A.M. and return at about 2:00 P.M. The tape recording also revealed that defendant complained about having to make the trip to buy cocaine so frequently and, *inter alia,* indicated defendant's familiarity with the drug-selling business through references to cocaine sales, cutting agents, prices and weights.

The proof at trial indicated that defendant and Vanderpool left their residence in Waverly at approximately 5:30 A.M. the next day, December 16, 1992, and were kept under surveillance by the State Police. They proceeded to a destination east of the City of Binghamton, Broome County, and returned to Waverly at about 2:15 P.M. Defendant did not return to his home but drove to an address on Clark Street where the police executed a previously obtained search warrant. Upon searching defendant's car, officers found an oil can with a false bottom into which a bag of cocaine had been stored. The cocaine weighed 12.74 grams.

Defendant took the stand and testified in his own defense. He told the jury that he never intended to purchase cocaine, but because he needed money for Christmas he decided to lead Bostwick into giving him the $200 in the belief that he would buy cocaine for Bostwick. Defendant said that he only intended to deceive Bostwick and never intended to buy any cocaine.

On cross-examination defendant reiterated his explanation for what he said on the audio tape. Defendant explained that his knowledge of drug terms relative to weights, cutting agents and prices was learned from street talk and told the prosecutor that he had not used cocaine.

Defendant was indicted for the crime of criminal possession of a controlled substance in the third degree, namely, possession of 12.74 grams of cocaine with intent to sell. He moved prior to trial for a *Sandoval* hearing *(People v Sandoval,* 34 NY2d 371) requesting that County Court set forth "the permissible scope of cross-examination of the defendant relative to [defendant's prior criminal charges] and any other prior criminal, vicious or immoral acts * * * should he elect to take the stand". The prosecutor only sought permission to ask whether defendant was convicted of a felony in November 1992 on which he was sentenced to probation. County Court denied the prosecutor's request because the felony was unspecified and would allow the jury to speculate. Later, County Court informed counsel that defendant had crossed over the line in his answers on cross-examination and the prosecutor would be permitted to ask him if he had been convicted of drug possession. The subject of going over the line had been previously discussed. Defendant was convicted as charged after trial and was sentenced to 6 to 12 years' imprisonment.

On appeal defendant claims that the prosecutor should not have been allowed to question him as to prior bad acts

relating to drug terminology he used on the audio tape. Defendant claimed that the prosecutor did not seek permission to question him on prior bad acts at the *Sandoval* hearing. The prosecution contended that the questions asked relative to drug sales terminology used on the tape were asked not for purposes of impeachment but to show that defendant could not have acquired the drug knowledge he demonstrated on the audio tape without in fact being in the business of selling cocaine. In our view County Court did not abuse its discretion in allowing the questioning of defendant as to his knowledge of the drug sales terminology and as to defendant's prior possession of cocaine conviction.

Defendant did not object to any of the questions asked relative to his familiarity with drug terminology with the exception of whether he had ever used cocaine. After defendant answered that he did not use cocaine, defense counsel objected and County Court ruled that it was proper cross-examination. Thus, these questions were not preserved for appellate review with the possible exception of the use of cocaine. The questioning could properly be found within the bounds of cross-examination since it related to the source and depth of his knowledge and information pertaining to drug sales terminology. The People could properly make these inquiries to assist the jury in evaluating the plausibility and reliability of defendant's explanation for his audio tape statements. In any event, any error was harmless in view of the overwhelming proof of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Further, defendant opened the door to such cross-examination by his testimony that what he said on the audio tape was not truthful.

Likewise it was not error to allow the prosecution to ask whether defendant was convicted previously of possession of cocaine. Defendant did not object to the question and had, by his own testimony, opened the door by denying that he had ever seen cocaine in the face of the audio tape and other proof in the record. Moreover, a defendant should not be permitted to use a *Sandoval* ruling as a shield to protect the falseness of his claims and testimony from exposure to the jury *(see, People v Sargent,* 138 AD2d 856; *People v Dery,* 115 AD2d 996, *lv denied* 67 NY2d 941).

Defendant's reliance on *People v Durham* (154 AD2d 615) and *People v Beasley* (184 AD2d 1003, *affd* 80 NY2d 981) as authority for the impropriety of the People's questions is misplaced. The questioning found improper in *Durham* related to a prior suspension of defendant's driver's license. The prior

suspension shed no light on defendant's intent on the date of the crime for which he was on trial. The questioning in the instant case did relate to the viability of defendant's defense. Unlike the situation in *Beasley*, County Court did hold a *Sandoval* hearing in this case as to prior bad acts and ruled on the question presented. County Court, however, changed its ruling on the admissibility of the prior drug conviction based on defendant's false testimony at trial, an event about which the court had cautioned counsel. Further, in the instant case there was no objection to the prosecutor's question as there was in *Beasley*. Here, County Court properly exercised its discretion and the judgment should be affirmed.

Defendant's argument, presented in a supplemental *pro se* brief, that the People failed to prove that defendant possessed more than a trace of cocaine is rejected as the record does not support his contention.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.