■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL GOMEZ, Appellant. [642 NYS2d 273] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered September 14, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously reversed, on the law and the facts, and the matter remanded for a new trial.

Defendant was charged with selling one glassine envelope of heroin to an undercover officer on the afternoon of July 29, 1992; he was arrested approximately two hours after the sale. Prior to trial, the court made its first *Sandoval* ruling, by which defendant could be asked about numerous prior convictions for petit larceny and related crimes, as well as the underlying facts of those convictions. By the same ruling, the court limited inquiry into defendant's two drug sale convictions to the mere fact that he had been convicted of "a felony" on the relevant dates in 1984 and 1988.

At the time of this ruling, defense counsel informed the court that defendant would testify that he was a longtime drug ad-

dict who supported himself by stealing and then selling the stolen items or trading them for drugs. Immediately prior to the defense case, upon the prosecutor's motion to modify the *Sandoval* ruling and defense counsel's reiteration of the substance of defendant's proposed testimony, the court modified its *Sandoval* ruling to the effect that if defendant denied selling drugs on July 29, 1992 (the crime charged), the prosecutor would be entitled to impeach him under *People v Molineux* (168 NY 264) with "prior similar acts," i.e., his two prior drug sale convictions. Despite defense counsel's assurance that he did not intend to elicit and defendant did not intend to volunteer that he "never" sold drugs, the court advised counsel to avoid "opening the door" by simply not asking whether defendant sold drugs on July 29, 1992.

Counsel adhered to this ruling, to which he timely objected, and, after defendant's direct testimony, the prosecutor's renewed request to inquire into the drug convictions was denied. Nevertheless, during cross-examination, she asked the following question: "Isn't it fact [*sic*] that when you were having a slow time selling things that you stole, you would sell drugs to make money?" Defense counsel's objection was overruled, and the prosecutor was permitted to ask several similar questions during the remainder of cross-examination.

In the first instance, the trial court, in blurring the distinction between similar act evidence and impeachment by evidence of prior crimes, erred in modifying its *Sandoval* ruling. While it would have been permissible, as defense counsel recognized, to inquire into the drug convictions had defendant denied that he ever sold drugs, defendant should not have been precluded from denying the very sale with which he was charged. Nothing in such denial would have invoked the principles by which a defendant's history of similar crimes would be relevant under *Molineux (supra)* and its progeny.

Compounding this initial error, and despite the fact that defendant's direct testimony did not "open the door" even according to the court's flawed analysis, the prosecutor nonetheless proceeded to ask about defendant's prior drug sale activity. In fact, her questions far exceeded the scope of the court's modified ruling (*see, People v Owens,* 203 AD2d 106, *lv denied* 84 NY2d 871), for she did not confine herself to the two drug sale convictions or their underlying facts: she asked whether he engaged in the general practice of selling drugs whenever he needed the income, i.e., during the 25 years he was admittedly an unemployed addict. This series of errors was further exacerbated when the court itself, attempting to elicit a more

responsive answer to one of the prosecutor's questions, adopted the same improper language and asked "Were you in and around June '84 supporting yourself by selling drugs?"

That defendant ultimately denied selling drugs "anywhere" is irrelevant, since this was volunteered only after the prosecutor had embarked on the improper line of inquiry; as defense counsel aptly described it when he moved for a mistrial, the prosecutor "not only opened the door, but decided to walk through it." In any event, under the court's ruling, such denial entitled the prosecutor only to inquire about the two sales of which defendant had been convicted. A single gratuitous reference to "supporting" oneself by selling drugs, even where an objection is sustained, has been held sufficient to warrant a mistrial (*People v Martin*, 172 AD2d 268). In this case, where the court not only erroneously modified its *Sandoval* ruling but the prosecutor violated that ruling by repeatedly suggesting a history of selling drugs, defendant's motion for a mistrial should have been granted. Accordingly, we reverse and remand for a new trial. Concur—Milonas, J. P., Rosenberger, Ellerin, Rubin and Williams, JJ.