■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALFONSO OWENS, Respondent. [642 NYS2d 874] —Order, Supreme Court, New York County (Alvin Schlesinger, J.), entered November 16, 1994, dismissing the indictment, unanimously affirmed.

During defendant's first trial, the jury was not charged on any lesser included offense. After his conviction on the sole count of the indictment charging first-degree robbery, defendant appealed to this Court seeking a new trial due to a *Sandoval* error and dismissal of the indictment due to insufficient evidence. After finding there was a *Sandoval* violation and that the evidence was insufficient with respect to the greater charge, but sufficient as to third-degree robbery, this Court reversed the conviction, but granted the People leave to re-present the lesser charge (203 AD2d 106, *lv denied* 84 NY2d 871). Upon his re-indictment for third-degree robbery, defendant moved to dismiss the new indictment on double jeopardy grounds.

The hearing court correctly dismissed the indictment since this Court's insufficiency finding on the first-degree robbery charge was tantamount to an acquittal (*Burks v United States*, 437 US 1, 16) and the lesser included third-degree robbery charge was the " 'same offense' " as first-degree robbery for double jeopardy purposes, thus barring a retrial (*United States v Dixon*, 509 US 688, 696, citing *Brown v Ohio*, 432 US 161).

The husband and wife owners were present during the robbery of their bar. The original indictment filed by the People pertained solely to the wife. Since the People had sufficient evidence with which to proceed on an indictment against defendant with respect to the robbery of the husband, the court correctly dismissed the first count of the new indictment pertaining to the husband (CPL 40.40 [2]). Concur—Murphy, P. J., Sullivan, Ross and Tom, JJ.