■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered February 27, 1986, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The central issue on this appeal is the defendant's contention that his motion to dismiss the indictment should have been granted on speedy trial grounds (CPL 30.30). He claims that the People failed to establish that they were ready for trial within the allowable time period following his arraignment on the felony complaint. We disagree. Our examination of the record demonstrates that the Supreme Court properly denied the motion. After excluding the time periods not chargeable to the People, the period of unexcused delay on their part was less than the six months provided for by

statute (CPL 30.30 [1] [a]). In reaching this determination, we exclude the 14-day period from August 22, 1984, the filing date of the indictment, to September 5, 1984, the date on which the defendant was arraigned in the Supreme Court. The People are allowed a reasonable period of time following the filing of the indictment to bring about the defendant's arraignment (see, People v Lopez, 149 AD2d 735, 736), and therefore, the 14-day period constitutes excusable delay.

We would also note that none of the delays, after the People announced that they were ready, affected their readiness to proceed to trial such as would warrant dismissal of the indictment (see generally, People v McKenna, 76 NY2d 59).

Also without merit is the defendant's contention that Detective O'Connor's testimony regarding the statement made by the complainant at the police station identifying the defendant, constituted impermissible bolstering by the People, thereby depriving the defendant of a fair trial. Generally, a witness may not bolster a complainant's identification of a defendant because it might lead a jury to endow that identification with "an undeserved aura of truthworthiness" based on "[n]umerous repetitions by various witnesses of the fact that on a particular occasion an identification was made" (People v Trowbridge, 305 NY 471, 477). However, where the defense has elicited testimony from a witness implying that the complainant's identification was the product of a recent fabrication, the People may, by way of refutation, introduce prior consistent statements of the complainant, if they were made at a time when the complainant had no motive to falsify (see, People v McClean, 69 NY2d 426, 428; People v Melendez, 55 NY2d 445, 451-452). The record shows that defense counsel, in cross-examining the complainant, implied that she was lying under threat of arrest and had changed her testimony to conform to the facts supplied to her by the prosecutor. Therefore, the admission into evidence of her statement to Detective O'Connor was proper to rebut the inference of recent fabrication (see, People v Tilipman, 144 AD2d 602, 603; People v Mack, 143 AD2d 686, 687). The statement was also properly admitted because defense counsel opened the door by eliciting a portion of the complainant's statement through his questioning of her and of Detective O'Connor, thereby entitling the People to introduce the remainder of the statement to explain or clarify the portion introduced (see, People v Melendez, 55 NY2d 445, 451-452, supra; People v Richardson, 127 AD2d 617, 618). Furthermore, on summation defense counsel contended that the complainant's trial testimony was inconsistent with

her prior testimony because of her fear of being charged with perjury. Having compelled the People to address this issue, the defendant may not now argue that it was error for the prosecutor to address the issue on summation and to thereby render the alleged bolstering more harmful *(see, People v Johnson,* 57 NY2d 969, 970-971; *People v Galloway,* 54 NY2d 396).* In any event, based on the overwhelming independent evidence of the defendant's guilt, as well as the fact that the jury had already heard the substance of the complainant's identification testimony, there is no significant probability that the jury would have acquitted the defendant had the alleged error not been made *(see, People v Crimmins,* 36 NY2d 230, 241-242).

We have examined the defendant's other allegations and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.