◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMITH, Appellant. [643 NYS2d 411]

In connection with his guilty plea in this case, the defendant was promised a sentence of an indeterminate term of 3 to 6 years imprisonment. He was released pending sentence and instructed by the court that if he failed to appear on the scheduled sentencing date, the court would not be bound by its promise with respect to the sentence and he would not be permitted to withdraw his guilty plea. The defendant stated that he understood this condition. He thereafter failed to appear for sentencing and was arrested. Upon being produced, the defendant advised the court that he had not appeared for sentencing because he had been hospitalized and in a coma in Alabama following an auto accident. The defendant was arrested on the same day that he allegedly returned to New York, which was two days after his purported release from the Alabama hospital. The court then adjourned the sentencing proceedings on two occasions in order to afford the defendant an opportunity to obtain his medical records from Alabama in order to substantiate his claim. Upon his failure to obtain those records, he was sentenced to an indeterminate term of 6 to 12 years imprisonment.

On this appeal, the defendant has annexed certain letters to his brief in support of his contention that he was hospitalized on the originally scheduled sentencing date and that his sentence should therefore be reduced to the term contemplated in the plea agreement. However, these documents are outside of the record on appeal, since they were never presented to the sentencing court. Accordingly, the defendant's proper remedy, if he be so advised, is to move for appropriate relief before the sentencing court (*see,* CPL 440.20). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.