■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT HARRIS, Also Known as DARRYL FISHER, Also Known as JESSE POE, Appellant. [645 NYS2d 858] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered February 26, 1990, convicting him of murder in the second degree, burglary in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a weapon in the fourth degree, and vacating the sentence imposed on all counts; as so modified the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing for murder in the second degree and burglary in the first degree (two counts).

As the hearing court noted in its decision, the "sole argument advanced by the defendant" in support of his application to suppress his statements was "that the statements were allegedly obtained in violation of his constitutionally protected right to counsel, as codified by the Rogers-Bartolomeo rule (48 NY2d [167]; 53 NY2d 225)". The defendant's claim that his right to counsel was violated on that ground is without merit (see, People v Bing, 76 NY2d 331, overruling People v Bartolomeo, 53 NY2d 225), and his remaining contentions with respect to the admissibility of the statements are unpreserved for appellate review.

The defendant's conviction of criminal possession of a weapon in the fourth degree must be vacated since this count was dismissed prior to trial (see, People v Boston, 75 NY2d 585, 587). The defendant's contention that the inadvertent submission to the jury of that count and an intentional murder charge of which he was acquitted warrants a new trial on the remaining counts is without merit (see, People v Brown, 83 NY2d 791; People v Grant, 210 AD2d 166).

This matter must be remitted for resentencing because the sentencing minutes indicate that the presentence report was

not made available to defense counsel at least one day prior to sentencing and he never formally waived this requirement *(see,* CPL 390.50 [2] [a]). We further note that the prosecutor at sentencing improperly referred to the results of a polygraph examination taken by the defendant's alleged accomplice *(see, People v Carmody,* 213 AD2d 720).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are not preserved for appellate review, involve matters dehors the record *(see, People v Smith,* 228 AD2d 455), or are without merit. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.