■ The People of the State of New York, Respondent, v Gregory Wright, Also Known as Leo Freeman, Appellant. [701 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered November 17, 1995, convicting him of burglary in the first degree (three counts), assault in the second degree, assault in the third degree (two counts), and menacing in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant also contends that evidence of his prior sexual and physical abuse of one of the complainants was improperly introduced into evidence. In addition to the charges of burglary, assault, and menacing, the defendant was charged with sodomy in the first degree. Although he was acquitted of this charge, the challenged evidence was admissible, because it was probative of the victim's state of mind and relevant to prove that the defendant used "forcible compulsion", a necessary element of the crime of sodomy in the first degree pursuant to Penal Law § 130.50 (1). The probative value of the evidence outweighed any prejudice to the defendant (see, People v Cook, · 93 NY2d 840; People v McClain, 250 AD2d 871; People v Kirkey, 248 AD2d 979; People v George, 197 AD2d 588).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Santucci, J. P., Sullivan, Florio and Schmidt, JJ., concur.