■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALADIN MEDUNJANIN, Appellant. [716 NYS2d 314] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered December 16, 1998, convicting him of sodomy in the first degree (four counts), sexual abuse in the first degree (two counts), course of sexual conduct against a child in the first degree, incest (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Evidence of the defendant's prior misconduct toward the victim's mother was properly introduced into evidence. The challenged evidence was admissible because it was probative of the victim's state of mind and on the issue of delayed outcry. The probative value of the evidence outweighed any prejudice to the defendant (*see, People v Cook,* 93 NY2d 840; *People v Wright,* 266 AD2d 414; *People v Gargano,* 222 AD2d 694; *People v George,* 197 AD2d 588; *People v Basir,* 179 AD2d 662).

The defendant's contention that the court improperly failed to instruct the jury regarding the limited purpose of testimony of his prior misconduct is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). The defendant never requested such a limiting instruction. In any event, the error was harmless in light of the overwhelming proof of guilt (*see, People v Crimmins,* 36 NY2d 230).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80, 85). Ritter, J. P., Sullivan, H. Miller and Feuerstein, JJ., concur.