■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UNIKO CARSON, Appellant. [740 NYS2d 346] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered March 31, 1999, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested and charged with conspiracy in the second degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminal sale of a controlled substance in the first degree, as the result of a police investigation into alleged drug trafficking in Queens. He was tried jointly with a codefendant, Leroy Williams (*see, People v Williams,* 292 AD2d 474 [decided herewith]). Two other codefendants pleaded guilty prior to trial. At the conclusion of the presentation of evidence at trial, the trial court dismissed the counts charging conspiracy in the second degree and criminal possession of a controlled substance in the second and third degrees. The jury found the defendant guilty of the only remaining count against him, namely, criminal sale of a controlled substance in the first degree.

The defendant contends that he is entitled to a new trial because the evidence regarding the conspiracy count, which was ultimately dismissed by the trial court, tainted the jury's consideration of the remaining count, of which he was convicted. However, there was no reasonable possibility that the jury's decision to convict the defendant of criminal sale of a controlled substance in the first degree was influenced by any evidence pertaining to the conspiracy count. Therefore, there was no prejudicial spillover, and the defendant's claims to the contrary are without merit (*see, People v Williams, supra*).

The defendant also contends that the partial closure of the courtroom during the testimony of the confidential informant deprived him of his right to a public trial. We disagree. The record of the *Hinton* hearing (*see, People v Hinton,* 31 NY2d

71) shows that all four prongs of the test articulated by the Supreme Court in *Waller v Georgia* (467 US 39, 48) were satisfied. First, since the informant testified at the hearing as to specific incidents of actual violence and threats aimed at him in connection with this case, there was an overriding interest in protecting the informant's safety. Second, the closure was no broader than necessary to protect that interest. Third, the court considered and used an alternative to complete closure. Finally, the court made findings of facts on the record to support the partial closure of the courtroom. Accordingly, the court's limited closure of the courtroom during the informant's testimony was a provident exercise of discretion.

The defendant's sentence did not constitute cruel and unusual punishment (*see, People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950; *People v Sorce,* 214 AD2d 756).

Since the defendant received the minimum sentence authorized by law, this Court has no authority to reduce his sentence as a matter of discretion in the interest of justice (*see, People v Foote,* 280 AD2d 991; *People v Marrero,* 278 AD2d 135).

The defendant's remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.