■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY WILLIAMS, Appellant. [740 NYS2d 348] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered March 23, 1999, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested and charged with conspiracy in the second degree, criminal possession of a controlled substance in the third degree, and criminal sale of a controlled substance in the second degree, as the result of a police investigation into alleged drug trafficking in Queens. He was tried jointly with a codefendant, Uniko Carson. Two other codefendants pleaded guilty prior to trial. At the conclusion of the presentation of evidence at trial, the trial court dismissed the charges of conspiracy in the second degree and criminal possession of a controlled substance in the third degree. The jury found the defendant guilty of the only remaining count against him, namely, criminal sale of a controlled substance in the second degree.

The defendant contends that he is entitled to a new trial because the evidence regarding the conspiracy charge, which was ultimately dismissed by the trial court, tainted the jury's consideration of the remaining count, of which he was convicted. We disagree. In determining whether an error in the

proceedings relating to one count requires reversal of convictions on other jointly-tried counts, the paramount consideration "is whether there is a 'reasonable possibility' that the evidence supporting the tainted counts influenced the jury's guilty verdict on the remaining counts in a 'meaningful way' " (*People v Doshi,* 93 NY2d 499, 505, quoting *People v Baghai-Kermani,* 84 NY2d 525, 532).

Much of the evidence that was introduced to prove the conspiracy, and which the defendant claims was prejudicial, would have been admissible in support of the charge of criminal sale of a controlled substance in the second degree in any event, regardless of the conspiracy count. Moreover, the evidence that pertained to the drug sale involving the defendant was easily separable from any evidence relating to the conspiracy (*see, People v Doshi, supra* at 505-506; *People v Brown,* 83 NY2d 791, 794).

Further, the evidence of the individual sale of cocaine by the defendant was very strong. Since there was no reasonable possibility that the jury verdict on the drug sale was influenced by any evidence that pertained to the conspiracy count, there was no prejudicial spillover, and the defendant's claims to the contrary are without merit.

The defendant also contends that the court's *Sandoval* ruling (*see, People v Sandoval,* 34 NY2d 371) deprived him of his right to testify on his own behalf. However, the trial court providently exercised its discretion when it determined that the prosecutor could use the defendant's prior felony convictions of criminal sale of a controlled substance in the fifth degree and robbery in the third degree, and their underlying facts, to impeach him in the event he took the stand. The court properly weighed the probative value of the defendant's prior convictions against the potential prejudicial effect. The prior convictions revealed a willingness or disposition on the part of the defendant to place his interests above those of society and would therefore be relevant on the issue of the defendant's credibility on the stand (*see, People v Hayes,* 97 NY2d 203; *People v Sandoval, supra* at 376-377). Moreover, there was no showing by the defendant that the prejudicial effect of the admission of his prior convictions for impeachment purposes would outweigh their probative worth of the issue of credibility, warranting their exclusion (*see, People v Sandoval, supra* at 378; *People v Boseman,* 161 AD2d 601, 602). Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.