■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORCA RINCON, Appellant. [755 NYS2d 269] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered April 5, 2000, convicting her of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that she knowingly possessed a controlled substance is unpreserved for appellate review (*see* CPL

470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not cruel and unusual (*see People v Thompson,* 83 NY2d 477 [1994]; *People v Broadie,* 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975]; *People v Carson,* 292 AD2d 461 [2002]).

The defendant's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Starling,* 85 NY2d 509 [1995]; *People v Zambrano,* 114 AD2d 872 [1985]). Altman, J.P., Florio, H. Miller and Adams, JJ., concur.