■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SMILEY, Appellant. [755 NYS2d 870] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered November 3, 2000, convicting him of attempted murder in the second degree (two counts), assault in the first degree, assault in the second degree, assault in the third degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Justice

Krausman has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the third degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Nery,* 243 AD2d 585 [1997]; *People v Reeder,* 209 AD2d 551 [1994]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defense of justification beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The People correctly concede that the defendant's conviction of assault in the third degree must be vacated, since that count of the indictment was dismissed before the trial and was mistakenly submitted to the jury (*see People v Boston,* 75 NY2d 585, 587 [1990]; *People v Harris,* 229 AD2d 595 [1996]). However, the defendant's contention that the remaining counts must be reversed because he was prejudiced by the introduction of evidence regarding the dismissed count is unpreserved for appellate review (*see People v Castellano,* 284 AD2d 406, 407 [2001]; CPL 470.05 [2]), and, in any event, is without merit (*see People v Williams,* 292 AD2d 474, 475 [2002]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Ritter, J.P., Feuerstein, Krausman and Luciano, JJ., concur.