■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ROMERO, Appellant. [766 NYS2d 369] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered May 22, 2002, convicting him of rape in the first degree, rape in the second degree, sodomy in the first degree, sodomy in the second degree, sexual abuse in the first

degree (four counts), sexual abuse in the second degree (four counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of sexual abuse in the first degree under the fifth count of the indictment and sexual abuse in the second degree under the eleventh count of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly permitted the prosecution to introduce evidence of his uncharged acts of abuse and violence against the mother and brother of the child victim (*see People v Cook,* 93 NY2d 840 [1999]; *People v Alvino,* 71 NY2d 233 [1987]; *People v Medunjanin,* 276 AD2d 719 [2000]; *People v Wright,* 266 AD2d 414 [1999]; *People v Gargano,* 222 AD2d 694 [1995]; *People v George,* 197 AD2d 588 [1993]). The trial court providently exercised its discretion in determining that the probative value of the evidence outweighed its potential for prejudice (*see People v Ventimiglia,* 52 NY2d 350, 359-360 [1981]).

The People correctly concede that two of the defendant's convictions, for first and second degree sexual abuse, must be vacated, since those counts of the indictment (counts 5 and 11) were dismissed before the trial and were mistakenly submitted to the jury (*see People v Smiley,* 303 AD2d 425 [2003], *lv denied* 100 NY2d 542 [2003]; *People v Harris,* 229 AD2d 595 [1996]). However, reversal of the remaining counts is not warranted because the defendant was not prejudiced by the introduction of evidence regarding the dismissed counts (*see People v Doshi,* 93 NY2d 499 [1999]; *People v Smiley, supra; People v Williams,* 292 AD2d 474 [2002]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Altman, J.P., Florio, Friedmann and Mastro, JJ., concur.