THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON FISHER, Appellant. [796 NYS2d 475]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered April 23, 2004. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the third degree (Penal Law § 155.35). We reject at the outset the contention of defendant that County Court erred in denying his suppression motion challenging the voluntariness of the statement that he gave to the police. The People established that defendant gave the statement after validly waiving his *Miranda* rights. Defendant "presented no bona fide factual predicate" in support of his conclusory speculation that his statement was coerced and that he might not have been advised of his *Miranda* rights (*People v Witherspoon*, 66 NY2d 973, 974 [1985]). Furthermore, "[w]hile the People have the initial burden of demonstrating that no improper police conduct occurred in obtaining the evidence sought to be suppressed, they are not required to produce each and every police officer with knowledge of the criminal incident and surrounding circumstances" (*People v Rosado*, 222 AD2d 617, 618 [1995], *lv denied* 88 NY2d 853 [1996]).

Defendant did not move to withdraw the plea or to vacate the judgment of conviction and has thus failed to preserve for our review his contention concerning the alleged factual insuffi-

ciency of the plea allocution (*see People v Toxey*, 86 NY2d 725, 726 [1995], *rearg denied* 86 NY2d 839 [1995]; *People v Lopez*, 71 NY2d 662, 665 [1988]). In any event, that contention lacks merit inasmuch as defendant admitted during the plea allocution that the value of the items stolen "could exceed" $3,000. Also contrary to defendant's contention, the order of protection issued by the court was proper. An order of protection may run in favor of "the victim or victims of the offense and such members of the family or household of such victim or victims as shall be specifically named by the court in such order" (CPL 530.13 [4] [b]). The fact that the victims' daughter, i.e., a family member, was in jail at the time of defendant's sentencing does not remove her from the scope of the statute. Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.