■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN A. SHAMPINE, Appellant. [818 NYS2d 377]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered November 25, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree, sodomy in the second degree, sexual abuse in the second degree, and forcible touching.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of sexual abuse in the second degree and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), sodomy in the second degree (former § 130.45 [1]), sexual abuse in the second degree (§ 130.60 [2]), and forcible touching (former § 130.52 [2]). The conviction arose from defendant's sexual molestation of four members of defendant's family. As the People concede, County Court erred in eliciting defendant's plea of guilty to sexual abuse in the second degree under count 248 of the indictment because the previous dismissal of that count pursuant to CPL 30.10 constituted a bar to any further prosecution on such charge (see CPL 210.20 [4]; see also People v Jackson, 87 NY2d 782, 788 [1996]). We modify the judgment accordingly.

Defendant further contends that the order of protection entered in favor of the victim who was the subject of count 248 must be vacated on the ground that it was unlawfully entered in favor of that particular individual. Defendant failed to preserve that contention for our review inasmuch as he did not object to the order of protection on that ground when it was issued (see People v Nieves, 2 NY3d 310, 315-317 [2004]; see also People v Reid, 21 AD3d 1215, 1216 [2005]; People v Dixon, 16 AD3d 517 [2005]; see generally People v Konieczny, 2 NY3d 569, 572 [2004]). In any event, defendant's contention lacks merit. An order of protection may be issued in favor of a designated witness of an offense as well as the "victim or victims of the offense and such members of the family or household of such victim or victims as shall be specifically named by the court in such order" (CPL 530.13 [4] [b]; see CPL 530.12 [5] [a], [c], [d]; 530.13 [4] [a]; cf. People v Petrusch, 306 AD2d 889, 890 [2003]; People v Creighton, 298 AD2d 774, 775-776 [2002]; see generally People v Fisher, 19 AD3d 1034 [2005], lv denied 5 NY3d 805 [2005]; People v Goodband, 291 AD2d 584, 585 [2002]; People v La Motte, 285 AD2d 814, 816-817 [2001]). The record establishes

that the individual in question is both a witness to offenses of which defendant was validly convicted and a member of the family or household of the victims of such offenses. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Smith, JJ.