■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT MORRIS, Appellant. [823 NYS2d 915]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered December 8, 2004, convicting him of rape in the first degree, sodomy in the first degree, assault in the second degree, unlawful imprisonment in the second degree, and incest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in permitting the prosecution to introduce evidence of his uncharged acts of abuse against the complainant (*see People v Cook*, 93 NY2d 840, 841 [1999]; *People v Chaffee*, 30 AD3d 763 [2006]; *People v Medunjanin*, 276 AD2d 719 [2000]; *People v Wright*, 266 AD2d 414 [1999]; *People v Brown*, 261 AD2d 410, 410-411 [1999]; *People v George*, 197 AD2d 588 [1993]). The trial court providently exercised its discretion in determining that the probative value of the evidence outweighed its potential for prejudice (*see People v Romero*, 309 AD2d 953, 954 [2003]).

The prosecutor's question to the defendant's wife was not improper, as her testimony was misleading and "opened the door" to the prosecutor's question (*see People v Massie*, 2 NY3d 179 [2004]; *People v Jones*, 278 AD2d 246, 247 [2000]). Further, any prejudice in the prosecutor's questioning of the defendant's son was immediately cured by the trial court's ruling (*see People v Lovacco*, 59 NY2d 294; *People v Hall*, 299 AD2d 493 [2002]; *People v Smith*, 288 AD2d 244 [2001]).

The defendant's remaining contention does not require reversal. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.