■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ROBERTO FLORES, Appellant. [841 NYS2d 633]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered April 29, 2005, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of murder in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant's conviction of depraved indifference murder (*see* Penal Law § 125.25 [2]) must be vacated, as that count of the indictment had been dismissed by another judge prior to trial and was later mistakenly submitted to the jury by the trial judge (*see People v Shampine*, 31 AD3d 1163, 1164 [2006]; *People v Romero*, 309 AD2d 953, 954 [2003]; *People v Smiley*, 303 AD2d 425, 426 [2003]; *People v Harris*, 229 AD2d 595 [1996]).

The defendant's contention that the evidence against him was legally insufficient to establish his guilt of criminal possession of a weapon in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Daniels*, 35 AD3d 495, 496 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d

620, 621 [1983]), the evidence as to this charge was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Daniels, supra; People v Edwards, 29 AD3d 818, 819 [2006]).

The sentences imposed on the remaining counts of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence were not excessive (see People v Suitte, 90 AD2d 80 [1982]).

In light of the foregoing, the defendant's remaining contentions regarding the conviction for depraved indifference murder have been rendered academic. Crane, J.P., Ritter, Dillon and Carni, JJ., concur.