■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENYATTA L. RAPLEY, Appellant. (Appeal No. 1.) [873 NYS2d 396]— Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered March 21, 2005. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the first degree (§ 160.15 [4]). Even assuming, arguendo, that the waiver by defendant of the right to appeal was not voluntarily, knowingly, and intelligently entered and thus that his contentions in each appeal with respect to County Court's suppression rulings are properly before us, we conclude that those contentions lack merit. Contrary to defendant's contentions, the identification procedure was not unduly suggestive (*see People v Dunlap*, 9 AD3d 434, 435-436 [2004], *lv denied* 3 NY3d 739 [2004]), and the People met their burden at the *Huntley* hearing of establishing that defendant's written statements were not the product of "improper police conduct" (*People v Rosado*, 222 AD2d 617, 618 [1995], *lv denied* 88 NY2d 853 [1996]). Defendant " 'presented no bona fide factual predicate' in support of his conclusory speculation that his statement[s were] coerced" (*People v Fisher*, 19 AD3d 1034, 1034 [2005], *lv denied* 5 NY3d 805 [2005], quoting *People v Witherspoon*, 66 NY2d 973, 974 [1985]). Finally, we conclude that the sentence imposed in each appeal is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.