■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAREL CROSWELL, Appellant. [879 NYS2d 719]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), rendered April 30, 2007, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in admitting evidence of a prior uncharged crime is unpreserved for appellate review. The defendant made only general objections to that line of questioning, or objected on grounds other than those raised on appeal (see People v Garcia, 294 AD2d 515 [2002]). The defendant did not request a limiting instruction or object to the charge as given (see People v Giuca, 58 AD3d 750 [2009]).

In any event, this contention is without merit. The defendant opened the door to testimony about the prior incident during cross-examination of one of the People's witnesses. The court

had the discretion to consider whether and to what extent the witness's testimony was incomplete and misleading, and what, if any, otherwise inadmissible evidence was reasonably necessary to correct the misleading impression (*see People v Massie,* 2 NY3d 179, 184 [2004]; *People v Melendez,* 55 NY2d 445, 451 [1982]; *People v Morris,* 34 AD3d 846 [2006]). The court allowed only so much additional evidence as was necessary to meet what was brought out on cross-examination (*see People v Massie,* 2 NY3d 179, 183 [2004]; *People v Melendez,* 55 NY2d 445, 452 [1982]).

The defendant's contention that certain testimony by the lead detective on this case constituted improper bolstering is without merit. The detective's testimony regarding prior statements made by two of the People's witnesses was not admitted for the truth of the matter asserted, but to show the detective's state of mind, demonstrate how the police investigation evolved, and explain the sequence of events leading to the defendant's apprehension (*see People v Wright,* 54 AD3d 695 [2008]; *People v Reyes,* 49 AD3d 565 [2008]). Furthermore, defense counsel opened the door to this testimony (*see People v Marji,* 43 AD3d 961 [2007]; *People v Johnson,* 162 AD2d 471 [1990]).

The defendant's remaining contentions are unpreserved for appellate review, and in any event, are without merit. Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.