■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDISON DAVISON, Appellant. [881 NYS2d 559]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 22, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts), bribing a witness, petit larceny (two counts), criminal possession of stolen property in the fifth degree (two counts), criminal possession of a weapon in the fourth degree and menacing in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of bribing a witness and dismissing count four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [3]) and one count of bribing a witness (§ 215.00 [a]). The People correctly concede that the part of the judgment convicting defendant of bribing a witness must be reversed because that count of the indictment had been dismissed before commencement of the trial and was mistakenly submitted to the jury (*see People v Romero*, 309 AD2d 953 [2003], *lv denied* 1 NY3d 579 [2003]; *People v Smiley*, 303 AD2d 425, 426 [2003], *lv denied* 100 NY2d 542 [2003]). We therefore modify the judgment accordingly. Defendant failed to preserve for our review his further contention that he was prejudiced by the introduction of evidence concerning the mistakenly submitted count (*see Smiley*, 303 AD2d at 426; *People v Castellano*, 284 AD2d 406 [2001], *lv denied* 97 NY2d 680 [2001]) and, in any event, that contention lacks merit. "[T]he paramount consideration in assessing potential spillover error is whether there is a 'reasonable possibility' that the jury's decision to convict on the [mistakenly submitted] count[ ] influenced its guilty verdict on the remaining counts in a 'meaningful way' " (*People v Doshi*, 93 NY2d 499, 505 [1999]), and that cannot be said here (*see generally People v Williams*, 292 AD2d 474 [2002]). Contrary to the further contentions of defendant, he was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Fahey, Carni and Gorski, JJ.