■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSWIND DAVID, Appellant. [943 NYS2d 614]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered February 8, 2007, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the convictions of assault in the first degree and the sentences imposed thereon are vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the counts of the indictment charging the defendant with assault in the second degree.

On January 2, 2006, the defendant was involved in an altercation during which he allegedly cut Rudolph Harper and Bevan Caesar with a box cutter. As a result, the defendant was charged with, inter alia, four counts of assault in the first degree (*see* Penal Law § 120.10 [1], [2]) (two counts as to each of the two victims), and four counts of assault in the second degree (*see* Penal Law § 120.05 [1], [2]) (two counts as to each of the two victims). Prior to trial, the court dismissed the counts of the indictment charging the defendant with assault in the first degree under Penal Law § 120.10 (1). However, these counts were mistakenly submitted to the jury and included on the verdict sheet. In addition, the verdict sheet did not correspond with the Supreme Court's jury instructions regarding the counts of assault in the first degree for conduct directed at Bevan Caesar.

The defendant's conviction of assault in the first degree under Penal Law § 120.10 (1) for conduct directed at Rudolph Harper must be vacated since that count was dismissed prior to trial and was mistakenly submitted to the jury (*see People v Long*, 56 AD3d 685 [2008]; *People v Flores*, 43 AD3d 955 [2007]; *People v Romero*, 309 AD2d 953 [2003]; *People v Smiley*, 303 AD2d 425, 426 [2003]).

Further, it cannot be determined on this record whether the jury intended to convict the defendant of the previously

dismissed count of assault in the first degree for conduct directed at Bevan Caesar (*see* Penal Law § 120.10 [1]), or the properly submitted count of assault in the first degree (*see* Penal Law § 120.10 [2]). Thus, the defendant's conviction of assault in the first degree for conduct directed at Bevan Caesar must be vacated (*see People v McNab*, 167 AD2d 858, 858 [1990]).

The jury was instructed not to consider the counts of assault in the second degree if it found the defendant guilty of assault in the first degree. Since the counts of assault in the second degree were submitted to the jury but not considered because the jury found the defendant guilty of assault in the first degree, retrial on the assault in the second degree counts will not violate double jeopardy principles (*see People v Charles*, 78 NY2d 1044 [1991]; *Matter of Lazartes v Walsh*, 36 AD3d 917, 918 [2007]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial on the counts of assault in the second degree.

In light of our determination, we need not reach the defendant's remaining contention. Florio, J.P., Belen, Roman and Sgroi, JJ., concur.