◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIDORE FARKAS, Appellant. [946 NYS2d 230]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Del Giudice, J.), rendered August 10, 2011, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the conviction of robbery in the second degree and the sentence imposed thereon are vacated, that count of the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the count of the indictment charging assault in the third degree.

On August 18, 2005, the complainant, a consulting engineer who had been hired by a third party, was inspecting and photographing certain real property in Brooklyn. The defendant, who owned the property, and his wife arrived at the location, and the defendant confronted the complainant. The defendant and the complainant engaged in a scuffle. According to the complainant, the defendant punched him several times and forcibly pulled his camera from his hand as he attempted to photograph the defendant's license plate. Conversely, according to the defendant's wife, the defendant put up his hand to defend himself from the complainant, the camera ricocheted off of the defendant's hand and struck the complainant in the eye, and when the camera fell to the ground, she placed it in the back seat of the defendant's vehicle. At trial, a jury acquitted the defendant of robbery in the first degree, convicted him of robbery in the second degree, and, in accordance with the court's instructions, did not consider the remaining counts which had been submitted to it.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree beyond a reasonable doubt.

However, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Delamota, 18 NY3d 107, 116-117 [2011]; People v Romero, 7 NY3d 633 [2006]), we find that the verdict of guilt of robbery in the second degree was against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether

the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see People v Bleakley*, 69 NY2d 490 [1987]). "Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial" (*People v Danielson*, 9 NY3d at 348). Here, the jury's determination that the evidence presented by the People established the defendant's larcenous intent was against the weight of the credible evidence (*see generally People v Medina*, 18 NY3d 98, 104-105 [2011]; *People v Jennings*, 69 NY2d 103, 118 [1986]). Therefore, the conviction of robbery in the second degree must be vacated.

The jury was instructed *not* to consider a number of counts if it found the defendant guilty of robbery in the first degree or robbery in the second degree. Since the count of assault in the third degree was submitted to the jury but was not considered because the jury found the defendant guilty of robbery in the second degree, retrial on the count of assault in the third degree would not violate double jeopardy principles (*see People v Charles*, 78 NY2d 1044, 1047 [1991]; *People v David*, 95 AD3d 1031 [2012]). The count of the indictment charging the defendant with robbery in the third degree, as an inclusory concurrent count of robbery in the second degree (*see People v Coleman*, 37 AD3d 489, 490 [2007]), was deemed dismissed as a result of the conviction of robbery in the second degree (*see* CPL 300.40 [3] [b]). With respect to the remaining counts that were submitted to the jury, the defendant may not be retried on the charges of grand larceny in the fourth degree or criminal possession of stolen property in the fourth degree, as a verdict of guilt on those counts would require or depend upon a finding of larcenous intent. We also note that, since the Supreme Court did not submit the counts charging petit larceny and menacing in the third degree to the jury, those counts are deemed to have been dismissed (*see* CPL 300.40 [7]). Accordingly, we remit the matter to the Supreme Court, Kings County, for further proceedings only on the count of the indictment charging assault in the third degree.

In light of our determination, we need not reach the defendant's remaining contentions. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.