*1030 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered December 8, 2010, convicting him of criminal possession of a weapon in the second degree (two counts) and a parking violation pursuant to 34 RCNY 4-08 (f) (1), upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the second degree under count two of the indictment, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.
The People correctly concede that the defendant’s conviction of criminal possession of a weapon in the second degree, as charged under count two of the indictment, must be vacated, since that charge was dismissed by another judge before trial and later was mistakenly submitted to the jury by the trial judge (see People v David, 95 AD3d 1031 [2012]; People v Occhione, 94 AD3d 1021, 1023 [2012]; People v McKay, 85 AD3d 821, 822 [2011]; People v Long, 56 AD3d 685 [2008]; People v Flores, 43 AD3d 955 [2007]; People v Romero, 309 AD2d 953, 954 [2003]).
The defendant contends that he was deprived of a fair trial by certain remarks made by the prosecutor in summation. The prosecutor’s comments concerning the veracity of the police officer witnesses were fair response to the defense summation, in which counsel referred to “the lying police officers” and repeatedly characterized their testimony as untruthful and “lies.” We agree with the defendant that certain of the other remarks complained of were improper. However, reversal is not warranted because the trial court’s immediate admonitions and curative instructions, along with the trial court’s general instructions at the beginning of the trial and at the conclusion of the trial, served to eliminate any possibility of prejudice to the defendant (see People v Romero, 7 NY3d 911, 913 [2006]; People v Galloway, 54 NY2d 396, 398 [1981]; People v Parham, 74 AD3d 1237, 1238 [2010]; People v Bayer, 302 AD2d 602, 603 [2003]; People v Rosario, 302 AD2d 266 [2003]; People v Straker, 301 AD2d 667 [2003]; People v Haynes, 189 AD2d 894, 894-895 [1993]). Rivera, J.R, Balkin, Dickerson and Cohen, JJ., concur.