■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ARMSTEAD, Appellant. [994 NYS2d 543]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Gulotta, Jr., J.), rendered July 9, 2012, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the seventh degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant, by his plea of guilty, forfeited his right to challenge the geographic jurisdiction of Nassau County to prosecute the charged offense (*see People v De Alvarez*, 59 AD3d 732 [2009]; *People v Pickens*, 256 AD2d 425 [1998]; *People v Gesualdi*, 247 AD2d 629 [1998]).

As the People correctly concede, the Supreme Court erred in eliciting the defendant's plea of guilty to criminal possession of a controlled substance in the seventh degree, because the previous dismissal of that count constituted a bar to any further prosecution on such charge (*see* CPL 210.20 [4]; *People v David*, 95 AD3d 1031 [2012]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.