People v Wilson (2018 NY Slip Op 02060)





People v Wilson


2018 NY Slip Op 02060


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


247 KA 15-00928

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONNELL D. WILSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered April 10, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1, 2, and 3, defendant appeals from three judgments convicting him upon his pleas of guilty during a single plea proceeding to one count in each of three indictments of, respectively, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), sex trafficking (§ 230.34 [1] [a]), and attempted kidnapping in the second degree (§§ 110.00, 135.20). After County Court was notified with respect to the judgment in appeal No. 2 that the sentence imposed on count 14 of the second indictment for sex trafficking was unlawful, the prosecutor and the court agreed to allow defendant to withdraw his plea to that count and instead to plead guilty to an amended count of attempted sex trafficking in order to allow the imposition of a sentence within the range of the originally agreed-upon aggregate sentence. During a second plea proceeding, however, count 3 of the second indictment alleging sex trafficking related to a different victim—which had previously been dismissed as a result of a superseding indictment (see CPL 200.80)—was purportedly amended to allege attempted sex trafficking at the prosecutor's suggestion, and the court elicited defendant's plea of guilty to that purported amended count. Inasmuch as defendant was permitted to withdraw his plea in appeal No. 2 and re-entered a plea of guilty to a different crime, resulting in the judgment in appeal No. 4, the judgment in appeal No. 2 was vacated and the sentence thereon superseded (see People v Fusco, 105 AD3d 1148, 1148 [3d Dept 2013]). Thus, defendant's appeal from the judgment of conviction in appeal No. 2 must be dismissed as moot (see People v Pimental, 189 AD2d 788, 788 [2d Dept 1993]; see generally People v Thagard, 115 AD3d 1314, 1315 [4th Dept 2014]).
Furthermore, we conclude in appeal No. 4 that the court erred in eliciting defendant's plea of guilty to attempted sex trafficking under the purported amended count 3 of the second indictment because of the previous dismissal of the underlying count (see People v Shampine, 31 AD3d 1163, 1164 [4th Dept 2006]; see generally People v Davison, 63 AD3d 1537, 1538 [4th Dept 2009], lv denied 13 NY3d 795 [2009]; People v Flock, 30 AD3d 611, 611-612 [2d Dept 2006], lv denied 7 NY3d 788 [2006]). Inasmuch as " [a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' " (People v Dumay, 23 NY3d 518, 522 [2014], quoting People v Dreyden, 15 NY3d 100, 103 [2010]; see generally CPL 200.10; People v Casey, 66 AD3d 1128, 1129 [3d Dept 2009]), and the court lacked authority to amend a previously dismissed count and elicit defendant's plea thereto, the judgment of conviction in appeal No. 4 must be reversed and the plea vacated (see Davison, 63 AD3d at 1538; Shampine, 31 AD3d at 1164).
We agree with defendant in appeal Nos. 1 and 3 that his purported waiver of the right to appeal is not valid inasmuch as "the perfunctory inquiry made by [County] Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Beaver, 128 AD3d 1493, 1494 [4th Dept 2015] [internal quotation marks omitted]). Although "[a] detailed written waiver can supplement a court's on-the-record explanation of what a waiver of the right to appeal entails, . . . a written waiver does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his or her right to appeal" (People v Banks, 125 AD3d 1276, 1277 [4th Dept 2015], lv denied 25 NY3d 1159 [2015] [internal quotation marks omitted]). Here, although defendant signed such a written waiver, "the record establishes that County Court did not sufficiently explain the significance of the appeal waiver or ascertain defendant's understanding thereof" (id.; see People v Welcher, 138 AD3d 1481, 1482 [4th Dept 2016], lv denied 28 NY3d 938 [2016]; cf. People v Ramos, 7 NY3d 737, 738 [2006]). We thus conclude that, "despite defendant's execution of a written waiver of the right to appeal, he did not knowingly, intelligently or voluntarily waive his right to appeal as the record fails to demonstrate a full appreciation of the consequences of such waiver" (People v Elmer, 19 NY3d 501, 510 [2012] [internal quotation marks omitted]).
In appeal Nos. 1 and 3, defendant contends that, because he did not recite the elements of the crimes to which he pleaded guilty and gave monosyllabic responses to the court's questions during the plea allocution, the plea colloquy does not establish that he understood the nature of those crimes and thus casts doubt upon the voluntariness of his plea. Defendant's contentions "are actually addressed to the factual sufficiency of the plea allocution, and defendant failed to preserve them for our review by moving to withdraw the plea or to vacate the judgment of conviction" (People v Hawkins, 94 AD3d 1439, 1440 [4th Dept 2012], lv denied 19 NY3d 974 [2012]; see People v Lopez, 71 NY2d 662, 665 [1988]). Defendant's further contention in appeal Nos. 1 and 3 that the court erred in consolidating the indictments was forfeited by his guilty plea (see People v Rodriguez, 238 AD2d 150, 151 [1st Dept 1997], lv denied 90 NY2d 897 [1997]; see generally People v Hansen, 95 NY2d 227, 230-231 [2000]). Finally, we reject defendant's contention in appeal Nos. 1 and 3 that the concurrent sentences are unduly harsh and severe.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court