People v Fletcher (2022 NY Slip Op 01804)





People v Fletcher


2022 NY Slip Op 01804


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-13979
 (Ind. No. 429/16)

[*1]The People of the State of New York, respondent,
v
Kemal Fletcher, appellant.


Gregory S. Watts, Brooklyn, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered September 5, 2018, as amended October 18, 2018, convicting him of strangulation in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention, in effect, that the judgment of conviction of strangulation in the second degree must be reversed because he was prejudiced by the introduction of evidence regarding previously dismissed counts of the indictment is unpreserved for appellate review (see CPL 470.05[2]; People v Smiley, 303 AD2d 425, 426; People v Castellano, 284 AD2d 406, 407), and in any event, without merit (see People v Williams, 292 AD2d 474, 475).
In determining whether an error in the proceedings relating to one count requires reversal of a conviction on another jointly tried count, the paramount consideration "is whether there is a 'reasonable possibility' that the [evidence supporting] the tainted counts influenced [the jury's] guilty verdict on the remaining counts in a 'meaningful way'" (People v Doshi, 93 NY2d 499, 505, quoting People v Baghai-Kermani, 84 NY2d 525, 532).
Here, the evidence introduced at trial pertaining to the strangulation in the second degree count was strong, and was easily separable from any evidence relating to the previously dismissed counts of the indictment (see People v Doshi, 93 NY2d at 505-506; People v Williams, 292 AD2d at 475). Further, the evidence in support of the previously dismissed counts would have been admissible as part of the complainant's narrative during her direct examination (see People v Williams, 292 AD2d at 475; People v DeLeon, 177 AD2d 641, 642). Thus, the defendant suffered no prejudice from the submission of the dismissed counts of the indictment to the jury (see People v Doshi, 93 NY2d at 505-506; People v Romero, 309 AD2d 953, 954; People v Williams, 292 AD2d at 475).
The defendant's contention that the evidence was not legally sufficient to support his conviction is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People [*2]v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see Penal Law § 121.12). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 645).
The defendant's remaining contentions are without merit.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court