People v Laroc (2022 NY Slip Op 02133)





People v Laroc


2022 NY Slip Op 02133


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-14139
 (Ind. No. 667/18)

[*1]The People of the State of New York, respondent,
v
Travis Cliv Laroc, appellant.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein and Robert M. Grossman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Candi Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered November 21, 2019, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree arising out of a shooting that occurred on a public street near a nightclub in Queens.
The defendant contends that the evidence was legally insufficient to establish his guilt of the crimes of which he was convicted because the People failed to prove that he possessed a firearm. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that he possessed a firearm (see Penal Law §§ 265.03[1][b]; [3]; 265.02[1]; People v Ealey, 176 AD3d 735). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633), in light of the elements of the crimes as charged to the jury (see People v Cooper, 88 NY2d 1056, 1058; People v Noble, 86 NY2d 814, 815).
The defendant's contention that the Supreme Court failed to provide an enhanced video identification instruction is unpreserved for appellate review (see CPL 470.05[2]; People v Whalen, 59 NY2d 273). In any event, the court gave appropriate limiting instructions during the trial testimony and the court's final charge to the jury was comprehensive and accurate (see People v Franzese, 154 AD3d 706, 707-708).
The defendant's contention that, after certain charges were dismissed by the Supreme Court at the close of the People's case, spillover prejudice to the remaining counts mandated that a new trial be ordered is unpreserved for appellate review and, in any event, without merit (see People v Williams, 292 AD2d 474, 475; People v Carson, 292 AD2d 461).
The defendant's remaining contention is without merit.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court