THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WILLARD, Appellant. [832 NYS2d 294]—Appeal by the defendant from (1) an amended judgment of the County Court, Nassau County (Sullivan J.), rendered February 28, 2005, revoking a sentence of probation previously imposed by the same court (Cotter, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fifth degree under indictment No. 1135/01, and (2) a judgment of the same court (Sullivan, J.), rendered April 8, 2005, convicting him of rape in the first degree, sexual abuse in the first degree, robbery in the third degree, grand larceny in the fourth degree, assault in the second degree (two counts), reckless endangerment in the first degree, criminal mischief in the third degree, criminal mischief in the fourth degree (two counts), and resisting arrest under indict-

ment No. 1269/04, upon a jury verdict, and imposing sentence. The appeal from the judgment brings up for review the denial of that branch of the defendant's omnibus motion under indictment No. 1269/04 which was to suppress his statements to law enforcement officials.

Ordered that the amended judgment and the judgment are affirmed.

The defendant contends that there was legally insufficient evidence to convict him of rape in the first degree because the People failed to establish that the complainant was physically helpless, an element of that crime (*see* Penal Law § 130.35 [2]). Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the complainant was unconscious or otherwise physically unable to communicate her unwillingness to engage in sexual intercourse with the defendant (*see* Penal Law 130.00 [7]; *People v Perkins*, 27 AD3d 890 [2006]). Upon the exercise of our factual review power (*see* CPL 470.15 [1]), we are satisfied that the verdict of guilt of rape in the first degree was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentences imposed were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.