# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**30**
**KA 11-01580**
PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                             MEMORANDUM AND ORDER

KEVIN BANKS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered July 26, 2011. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment revoking the sentence of probation upon his admission to violating a condition thereof and sentencing him to a term of imprisonment for his conviction of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We agree with defendant that, in each appeal, the waiver of the right to appeal "does not encompass his challenge to the severity of the sentence because 'no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal' with respect to his conviction that he was also waiving his right to appeal any issue concerning the severity of the sentence" (*People v Peterson*, 111 AD3d 1412, 1412; *see People v Maracle*, 19 NY3d 925, 928).

We further agree with defendant that the written waiver of the right to appeal does not preclude him from challenging the sentence in each appeal. "A detailed written waiver can supplement a court's on-the-record explanation of what a waiver of the right to appeal entails, but a written waiver does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his or her right to appeal" (*People v*

*Pressley*, 116 AD3d 794, 795, *lv denied* 23 NY3d 967 [internal quotation marks omitted]).  Here, although defendant signed such a written waiver in each appeal, the record establishes that County Court did not sufficiently explain the significance of the appeal waiver or ascertain defendant's understanding thereof (*see People v Frysinger*, 111 AD3d 1397, 1398; *see also Pressley*, 116 AD3d at 795; *see generally People v Bradshaw*, 18 NY3d 257, 267).  Nevertheless, we reject defendant's challenge to the severity of the sentence in each appeal.

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court