SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

361
KA 15-00209
PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

EVAN WELCHER, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (ROBERT TUCKER OF COUNSEL),
FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M.
Kehoe, J.), rendered May 22, 2014. The judgment convicted defendant,
upon his plea of guilty, of rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon his plea of guilty of rape in the third degree (Penal Law
§ 130.25 [1]). Prior to his plea, defendant was tried on an
indictment charging him with one count of rape in the first degree
(§ 130.35 [2]), but the trial ended when County Court declared a
mistrial over defendant's objection upon its determination that the
jury was deadlocked. As a preliminary matter, we agree with defendant
that the record does not establish that the waiver of the right to
appeal was knowing, voluntary and intelligent (*see People v Lopez*, 6
NY3d 248, 256). The court, while advising defendant of the
consequences of the plea, merely noted that "there is a waiver of
appeal by you, both as to conviction and sentence." Although
defendant signed a written waiver of the right to appeal, "a written
waiver does not, standing alone, provide sufficient assurances that
the defendant is knowingly, intelligently and voluntarily giving up
his or her right to appeal" as a condition of the plea agreement
(*People v Banks*, 125 AD3d 1276, 1277, *lv denied* 25 NY3d 1159 [internal
quotation marks omitted]). Here, "the record establishes that [the
c]ourt did not sufficiently explain the significance of the appeal
waiver or ascertain defendant's understanding thereof" (*id.; cf.
People v Ramos*, 7 NY3d 737, 738).

We nevertheless reject defendant's contention that the court
abused its discretion in declaring a mistrial and, thus, that the
subsequent prosecution was barred by double jeopardy. It is well

established that the determination whether to grant a mistrial when the jury is deadlocked is "entitled to 'great deference' " (*People v Hardy*, 26 NY3d 245, 252).  A retrial is barred by double jeopardy, however, "unless there was 'manifest necessity' for the mistrial" (*People v Ferguson*, 67 NY2d 383, 388).  Here, the court properly considered "the length and complexity of the trial, the length of the deliberations, the extent and nature of communications between the court and the jury, and the potential effects of requiring further deliberation" (*Matter of Plummer v Rothwax*, 63 NY2d 243, 251; *see Rivera v Firetog*, 11 NY3d 501, 507, *cert denied* 556 US 1193).  The court noted that this was a single-count indictment; that the jury had deliberated for 12 hours over three days; and that the jury had indicated in notes to the court on two occasions prior to the final note that it was not able to reach a unanimous verdict.  The court questioned the foreperson, who advised the court that further deliberations would be fruitless, and each member of the jury agreed with the foreperson's statements.  We therefore conclude that the determination by the court that the jury was deadlocked constituted a manifest necessity for a mistrial, and thus that the subsequent prosecution was not barred by double jeopardy (*see People v Duda*, 45 AD3d 1464, 1465, *lv denied* 10 NY3d 764).

We reject defendant's further contention that the subsequent prosecution was barred by double jeopardy on the ground that the evidence at trial was legally insufficient on the issue whether the victim was "unconscious."  Defendant correctly states that, in response to his demand for a bill of particulars, the People limited the theory of proof on the element of physical helplessness to evidence that the victim was "unconscious."  As a preliminary matter, we note that, because defendant did not explicitly waive his constitutional double jeopardy claim as a condition of his plea (*see People v Allen*, 86 NY2d 599, 603), he did not waive his contention by pleading guilty (*see People v Prescott*, 66 NY2d 216, 220-221, *cert denied* 475 US 1150).  We further note that, for purposes of double jeopardy analysis, rape in the third degree (Penal Law § 130.25 [1]) is the same offense as rape in the first degree (§ 130.35 [2]) (*see People v Biggs*, 1 NY3d 225, 229-230).  We nevertheless conclude that, when viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), it is legally sufficient to establish that the victim was unconscious (*see generally People v Bleakley*, 69 NY2d 490, 495).  Defendant was observed having sexual intercourse with the victim in a backyard during a house party.  The victim was not moving and was not responsive to the witnesses who were speaking loudly to her and defendant.  The victim required assistance after the witnesses removed defendant from the victim and, although she spoke briefly to one of the witnesses who intervened on her behalf, she had no memory of the incident.  Laboratory test results established that the victim's urine was positive for GHB, i.e., gamma hydroxybutyrate, which a forensic toxicologist testified is a central nervous system depressant that may cause a deep state of unconsciousness.  We therefore conclude that the evidence was legally sufficient to establish that the victim was unconscious and, therefore, physically helpless (*see People v Yontz*, 116 AD3d 1242,

1242-1243, *lv denied* 23 NY3d 1026; *People v Willard*, 38 AD3d 924, 925).