# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1091**

**KA 14-01743**

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES A. COOK, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (ROBERT TUCKER OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (HEATHER PARKER HINES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered January 15, 2014. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony, aggravated unlicensed operation of a motor vehicle in the first degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, driving while intoxicated as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]). We agree with defendant that the waiver of the right to appeal from his conviction does not encompass his challenge to the severity of the sentence and thus does not foreclose our review of that challenge (*see People v Maracle*, 19 NY3d 925, 927-928; *People v Tomeno*, 141 AD3d 1120, 1120-1121, *lv denied* 28 NY3d 974). County Court failed to advise defendant during the course of the allocution that he was waiving his right to appeal any issue concerning the severity of the sentence (*see People v Banks*, 125 AD3d 1276, 1277, *lv denied* 25 NY3d 1159). Further, "[a]lthough defendant executed a written waiver of the right to appeal, there was no colloquy between [the c]ourt and defendant regarding the written waiver to ensure that defendant read and understood it and that he was waiving his right to challenge the length of the sentence" (*People v Mack*, 124 AD3d 1362, 1363). We nevertheless reject defendant's contention that the sentence is unduly harsh and severe.

Entered:  February 3, 2017                          Frances E. Cafarell
                                                    Clerk of the Court