People v Wisner (2018 NY Slip Op 01753)





People v Wisner


2018 NY Slip Op 01753


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


242 KA 15-01818

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES D. WISNER, DEFENDANT-APPELLANT. 






MICHAEL G. CIANFARANO, OSWEGO, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered October 13, 2015. The judgment convicted defendant upon his plea of guilty of, inter alia, criminal possession of a weapon in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the first degree (Penal Law § 265.04 [2]), defendant contends that he did not validly waive his right to appeal and that the sentence is unduly harsh and severe. We agree with defendant that his purported waiver of the right to appeal is not valid inasmuch as "the perfunctory inquiry made by [County] Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Beaver, 128 AD3d 1493, 1494 [4th Dept 2015] [internal quotation marks omitted]). Although "[a] detailed written waiver can supplement a court's on-the-record explanation of what a waiver of the right to appeal entails, . . . a written waiver does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his or her right to appeal" (People v Banks, 125 AD3d 1276, 1277 [4th Dept 2015], lv denied 25 NY3d 1159 [2015] [internal quotation marks omitted]). Here, although defendant signed such a written waiver, "the record establishes that County Court did not sufficiently explain the significance of the appeal waiver or ascertain defendant's understanding thereof" (id.; see People v Welcher, 138 AD3d 1481, 1482 [4th Dept 2016], lv denied 28 NY3d 938 [2016]; cf. People v Ramos, 7 NY3d 737, 738 [2006]). We thus conclude that, "despite defendant's execution of a written waiver of the right to appeal, he did not knowingly, intelligently or voluntarily waive his right to appeal as the record fails to demonstrate a full appreciation of the consequences of such waiver" (People v Elmer, 19 NY3d 501, 510 [2012] [internal quotation marks omitted]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court