People v Aughtry (2018 NY Slip Op 08824)





People v Aughtry


2018 NY Slip Op 08824


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1286 KA 16-02358

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRIZELL AUGHTRY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered November 16, 2016. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of three counts of burglary in the third degree (Penal Law § 140.20). We agree with defendant that his waiver of the right to appeal his conviction does not encompass his challenge to the severity of the sentence (see People v Maracle, 19 NY3d 925, 928 [2012]). Supreme Court advised defendant that he was not waiving his right to appeal an illegal sentence but failed to clarify during the course of the allocution that he was waiving his right to appeal any issue concerning the severity of the sentence (see generally People v Banks, 125 AD3d 1276, 1277 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]). Further, "[a]lthough defendant executed a written waiver of the right to appeal, there was no colloquy between [the c]ourt and defendant regarding the written waiver to ensure that defendant read and understood it and that he was waiving his right to challenge the length of the sentence" (People v Mack, 124 AD3d 1362, 1363 [4th Dept 2015]; see generally People v Carno, 101 AD3d 1663, 1663-1664 [4th Dept 2012], lv denied 20 NY3d 1060 [2013]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court